UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Scott Chandler

    v.                                  Civil No. 12-cv-121-JD

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration[1]


O R D E R


    Scott Chandler, proceeding pro se, seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration, denying his application for disability insurance benefits.  The Administrative Law Judge ("ALJ") issued a decision on August 12, 2010, in which he concluded that through his last insured date, September 30, 1992, Chandler did not have impairments that caused him to be disabled.[2]  Chandler moved to reverse the Commissioner's decision.  The Commissioner moves to remand the case for rehearing.  Although Chandler also asked for remand in his motion, he objects to the Commissioner's motion.

---

    [1]Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted automatically as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

    [2]Chandler appealed the decision, and the Appeals Council denied his request for review on January 24, 2012.

Discussion

Chandler contends that he is disabled because of the effects of injuries he sustained when he was assaulted in February of 1991 which were exacerbated by an automobile accident in July of 2004. In his motion to reverse the Commissioner's decision, Chandler argues that the ALJ improperly relied on findings from an earlier denial of an application for benefits, did not assess properly the medical evidence of his disabling impairments, erred in weighing the medical opinion evidence, and failed to consider the circumstances of his activities of daily living.

The Commissioner asks the court to enter judgment in this case under sentence four of § 405(g), reversing and remanding the case for further administrative proceedings to determine the nature, severity, and limiting effects of Chandler's impairments before his insured status expired on September 30, 1992. Chandler objects to remand, asking the court to award him benefits or to remand with an order to award him benefits. Chandler's objection is based on a misunderstanding of the process.

The Social Security Commissioner and her designee, the ALJ, not the court, are authorized to weigh conflicting evidence. Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). For that reason, "the court can order the agency to provide the relief it

denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." Id. at 11. When there are unresolved factual issues, however, "the court must remand for further proceedings." Id.

That is the situation in this case. The case must be remanded for further administrative proceedings to address the factual issues pertaining to Chandler's claim for disability benefits.

## Conclusion

For the foregoing reasons, the Commissioner's motion for entry of judgment under sentence four, reversing and remanding the case for further administrative proceedings, (document no. 15) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 24, 2013

cc: Scott Chandler, pro se
    T. David Ploude, Esquire